```
                 IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| SINORN DIP, | : | CIVIL ACTION |
| | : | NO. 16-5805 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| SCI DALLAS WARDEN, et al., | : | |
| | : | |
| Respondents. | : | |

## **O R D E R**

**AND NOW**, this **26th** day of **June, 2018**, after review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice (ECF No. 25) and Petitioner's objections thereto (ECF No. 27), it is hereby **ORDERED** as follows:

(1) The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] A district conducts a de novo review and determination of the portions of the report and recommendation by a magistrate judge to which there are objections. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); see also E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report).

Magistrate Judge Rice filed a report and recommendation that the petition be denied, with prejudice, as untimely under the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. See ECF No. 25. In response, Petitioner filed objections, ECF No. 27, and this Court conducted a de novo review of the portion of the report pertaining to the objections.

(2) Petitioner's Objections to the Report and

Recommendation are **OVERRULED**;[2]

---

[2] Petitioner makes two discrete objections to the report and recommendation. First, he objects to the conclusion that his untimely habeas petition is not saved by equitable tolling. Pet. Obj. at 2. Petitioner's second objection is to R&R's the conclusion that he has fallen short of satisfying the actual innocence exception to judicial review of an untimely habeas petition. Id.

A petitioner may be entitled to equitable tolling by showing that he or she has been pursuing his or her rights diligently, and that some extraordinary circumstance stood in the way and thereby prevented timely filing. Holland v. Florida, 560 U.S. 631, 634, 649 (2010). The Third Circuit has recognized that equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citation omitted).

Petitioner objects to the R&R's conclusion that he failed to allege any extraordinary circumstances that prevented the earlier filing of his petition. The R&R noted, correctly, that the petition does not explain the delay between Petitioner's acquisition of a recantation affidavit from a key witness against him and his habeas petition. In his Objections, Petitioner explains that his counsel at the time "was under the impression" that the filing of Petitioner's second PCRA would toll the limitations period for a habeas petition. Pet. Obj. at 2. However, as correctly explained by the R&R, see R&R at 4, because the second PCRA was not timely filed, it did not toll the federal limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Further, this mistake by Petitioner's counsel is insufficient to support equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling.") (citation omitted); see also Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). ("Mere excusable neglect is not enough.").

Turning to Petitioner's second objection, he objects to the conclusion that he does not qualify for the actual innocence exception based on new evidence. This exception, in appropriate cases, may serve as a "gateway" to judicial review of an untimely habeas petition. See McQuiggan v. Perkins, 569 U.S. 383 (2013) ("We caution . . . that tenable actual-innocence gateway pleas are rare"). "Proving actual

2

(3) The Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE** without an evidentiary hearing;

(4) A certificate of appealability shall not issue;[3] and

(5) The Clerk shall mark this case **CLOSED**.

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO,    J.**

---

innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." Sistrunk v. Rozum, 674 F.3d 181, 191 (3d Cir. 2012) (citing Bousley v. United States, 523 U.S. 614, 623 (1998)).

Petitioner's position is that the recantation affidavit is sufficient to meet this standard. However, recantation evidence, such as the affidavit, is viewed with great suspicion. Sistrunk, 674 F.3d at 191 (collecting cases). Further, even if the affidavit were reliable, it is not so probative of innocence that no reasonable juror would have convicted Petitioner. Other evidence placed Petitioner at the crime scene, and evidenced his motive to shoot the victim. Further, the affidavit itself merely states that the witness is not sure whether it was Petitioner or one of his companions who shot the victim. It does not exculpate Petitioner – who was tried under an accomplice theory.

For the aforementioned reasons, the R&R corrected concluded that neither equitable tolling nor the actual innocence exception apply, and, accordingly, the petition is time-barred.

[3] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); Lambert v. Blackwell, 387 F.3d 210, 230 (3d Cir. 2004). The Court agrees with U.S. Magistrate Judge Rice that there is no probable cause to issue such a certificate in this action.